**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| GONZALO VALDIVIA, | Case No. 25-cv-01791-BLF |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION FOR ATTORNEYS' FEES UNDER 42 U.S.C. § 406(b)** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | [Re: ECF 18] |

Plaintiff Gonzalo Valdivia's counsel ("Counsel") moves for attorneys' fees pursuant to 42 U.S.C. § 406(b) following Plaintiff's successful appeal of the denial of Social Security benefits. *See* Mot., ECF 18. Counsel seeks attorneys' fees in the amount of $24,000 on a past-due benefits award of $106,116. *See id*. The Government has filed a response identifying the factors to be considered by the Court in evaluating Counsel's motion and declining to take a position on the motion. *See* Response, ECF 19. Counsel has not noticed the motion for hearing and the Court finds the motion to be suitable for decision without oral argument. *See* Civ. L.R. 7-1(b).

Counsel's motion for $24,000 in attorneys' fees is GRANTED as discussed below.

## I.    BACKGROUND

Plaintiff filed this action on February 20, 2025, seeking review of the denial of his application for benefits. *See* Compl., ECF 1. The Court approved the parties' stipulation to voluntary remand pursuant to sentence 4 of 42 U.S.C. § 405(g) and entered judgment in Plaintiff's favor on July 21, 2025. Plaintiff obtained a favorable result on remand, obtaining an award of past-due benefits in the amount of $106,116. *See* Not. of Award at 3, ECF 18-5.

United States District Court
Northern District of California

Counsel represented Plaintiff pursuant to a written contingent-fee agreement, under which Counsel is entitled to attorneys' fees in an amount not greater than 25% of any past-due benefits awarded to Plaintiff.  *See* Fee Agreement at 1, ECF 18-4.  As is standard, the Social Security Administration withheld 25% of the past-due benefits award, or $26,529, to pay any attorneys' fees that might be owed.  *See* Notice of Award at 3.  Counsel does not seek the full amount of attorneys' fees withheld by the Social Security Administration – she seeks $24,000, which is approximately 22.6% of the $106,116 past-due benefits award.

## II.    LEGAL STANDARD

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a Social Security claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]"  42 U.S.C. § 406(b)(1)(A).  "[T]he fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment."  *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009).

Attorneys specializing in social security work "routinely enter into contingent-fee agreements specifying that the fee will be 25% of any past-due benefits recovered, thus providing the attorney the statutory maximum of fees if the representation is successful."  *Crawford*, 586 F.3d at 1147.  The district court must conduct a "review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case."  *Crawford*, 586 F.3d at 1151.  The district court does not apply the lodestar method, but may consider a lodestar calculation as an aid in assessing the reasonableness of the requested attorneys' fees.  *See id.*

Where attorneys' fees have been paid by the Government under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, the EAJA fees must be offset against any fees awarded under § 406(b).  *See Gisbrecht*, 535 U.S. at 796.  "Under EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not

United States District Court
Northern District of California

'substantially justified.'" *Id*. (quoting 28 U.S.C. § 2412).  Fee awards may be made under both EAJA and § 406(b), but the claimant's attorney must refund to the claimant the amount of the smaller fee award.  *See id.*

### III.  DISCUSSION

This Court has no difficulty concluding that Counsel's request for attorneys' fees in the amount of $24,000 is reasonable.  The requested fees, which are approximately 22.6% of the past-due benefits recovered by Plaintiff, are lower than the 25% of the past-due benefits bargained for in the contingent-fee agreement.  Counsel obtained a favorable benefits award, resulting in Plaintiff's recovery of past-due benefits in the amount of $106,116.  Nothing in the record suggests that Counsel's performance was substandard.  Counsel represents that she spent 29.7 hours on the case.  An award of $24,000 would result in an effective hourly rate of $808.08.  Other district courts in the Ninth Circuit have approved attorneys' fees awards resulting in similar or higher effective hourly rates. *See Brazile v. Comm'r of Soc. Sec.*, No. C18-5914JLR, 2022 WL 503779, at *3 (W.D. Wash. Feb. 18, 2022) ("[F]ee awards with hourly rates exceeding $1,000 have been approved by courts in this district on numerous occasions."); *Harrell v. Berryhill*, No. 16-CV-02428-TSH, 2018 WL 4616735, at *4 (N.D. Cal. Sept. 24, 2018) ("[T]he Court finds the de facto hourly rate of $1,213.83 is reasonable under *Gisbrecht*.").

Counsel previously was awarded EAJA fees in the amount of $6,800.  *See* Stip. and Order, ECF 17.  Counsel acknowledges that the EAJA fees must be offset against the award of fees under § 406(b), and requests that the Court order that the amount of the EAJA fee be refunded to Plaintiff.

### IV.  ORDER

(1)    Counsel's motion for $24,000 in attorneys' fees under § 406(b) is GRANTED; and

(2)    Counsel SHALL refund to Plaintiff $6,800 in EAJA fees previously awarded.

Dated:  June 4, 2026

_____
BETH LABSON FREEMAN
United States District Judge

3